09-1779-ag
Xing v. Holder

BIA
Mulligan, IJ
A099 682 931

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand ten.

PRESENT:
          GUIDO CALABRESI,
          BARRINGTON D. PARKER,
          RICHARD C. WESLEY,
                    <u>Circuit Judges</u>.

_____

KAI XING,
          <u>Petitioner</u>,

          v.                                    09-1779-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          <u>Respondent</u>.
_____

| | |
|---|---|
| FOR PETITIONER: | Henry Zhang, Zhang & Associates, New York, New York. |
| FOR RESPONDENT: | Tony West, Acting Assistant Attorney General, Civil Division; Francis W. Fraser, Senior Litigation Counsel; W. Daniel Shieh, Trial Attorney, United States Department of Justice, Civil Division, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED, in part, and DISMISSED, in part.

Petitioner Kai Xing, a native and citizen of the People's Republic of China, seeks review of an April 10, 2009 order of the BIA affirming the January 23, 2007 decision of Immigration Judge ("IJ") Thomas J. Mulligan pretermitting his application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Kai Xing*, No. A099 682 931 (B.I.A. Apr. 10, 2009), *aff'g* No. A099 682 931 (Immig. Ct. N.Y. City Jan. 23, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

2

For asylum applications governed by the REAL ID Act of 2005, the agency may, in considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). This Court "defer[s] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

**I.   Asylum**

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Because Xing

3

challenges only purely factual determinations and the agency's exercise of discretion, we dismiss the petition for review to the extent he attempts to challenge the agency's pretermission of his asylum application.  See 8 U.S.C. § 1158(a)(3).

**II.  Withholding of Removal**

Substantial evidence supports the IJ's adverse credibility determination.  In finding Xing not credible, the IJ found that: (1) his demeanor changed when he was asked about "a critical date in the case" and that "the nervousness he exhibited in response to this line of questioning causes the court to question whether there was ever even an arrest"; (2) his repeated testimony that he and his mother were released on separate days was contradicted by his asylum application and his mother's statement; and (3) his witness's testimony that he knew Xing in China for four years, yet was "not sure if the respondent ever had any problems of any kind in China" was implausible.

These findings serve as substantial evidence for the IJ's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167; *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).  While Xing argues that he adequately explained the

4

major inconsistency between his testimony and the documentary evidence, no reasonable factfinder would have been compelled to credit his explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005)*; see also Siewe v. Gonzales,* 480 F.3d 160, 167 -168 (2d Cir. 2007). Because the adverse credibility finding is amply supported by the record, the Court need not reach Xing's remaining arguments regarding his burden of proof. Additionally, Xing fails to sufficiently challenge the agency's denial of CAT releif in his brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

5